Floyd W. Bybee, #012651
**Law Office of
Floyd W. Bybee, PLLC**
4445 E. Holmes Ave., Ste. 107
Mesa, AZ 85206-3398
Office: (480) 756-8822
Fax: (480) 302-4186
floyd@bybeelaw.com

Attorney for Plaintiff

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| **Nicole E. Harrison,** an individual; | No. |
| Plaintiff, | **COMPLAINT** |
| v. | |
| **Fair Collections & Outsourcing of New England, Inc.,** a Maryland corporation; | |
| Defendant. | (Jury Trial Demanded) |

Plaintiff alleges as follows:

**I. Preliminary Statement**

1. Plaintiff brings this action for damages based upon Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq*. (hereinafter "FDCPA") and the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 *et seq*. In the course of attempting to collect a debt allegedly owed by Plaintiff, Defendant engaged in deceptive, unfair and/or abusive debt collection practices in violation of the FDCPA, and violated

the FCRA. Plaintiff seeks an award of statutory damages, actual damages, punitive damages, costs and attorney's fees.

## II. Statutory Structure of FDCPA

2. Congress passed the FDCPA to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent state action to protect consumers against debt collection abuses. FDCPA § 1692.

3. The FDCPA is designed to protect consumers who have been victimized by unscrupulous debt collectors regardless of whether a valid debt exists. Baker v. G.C. Services Corp., 677 F.2d 775, 777 (9th Cir. 1982).

4. The FDCPA defines a "consumer" as any natural person obligated or allegedly obligated to pay any debt. FDCPA § 1692a(3).

5. The FDCPA defines "debt" as any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject or the transaction are primarily for personal, family, or household purposes. FDCPA § 1692a(5).

6. The FDCPA defines "debt collector' as any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another. FDCPA § 1692a(6).

7. Any debt collector who fails to comply with the provisions of the FDCPA is liable for any actual damage sustained; statutory damages up to $1,000; attorney's fees as determined by the Court and costs of the action. FDCPA

1 § 1692k.

## III. STATUTORY STRUCTURE OF FCRA.

8. When Congress enacted the FCRA in 1970, it recognized that "Unfair credit methods undermine the public confidence which is essential to the continued functioning of the banking system." FCRA § 1681(a)(1).

9. Congress crafted the FCRA to protect consumers from the transmission of inaccurate information about them. <u>Kates v. Croker National Bank</u>, 776 F.2d 1396, 1397 (9th Cir. 1985).

10. In 1996 Congress amended the FCRA imposing upon furnishers of information, such as the defendant herein, detailed and specific responsibilities, including those in FCRA § 1681s-2(b). The furnisher has its own obligation to conduct a reasonable investigation of Plaintiff's disputes. <u>Johnson v. MBNA</u>, 357 F.3d. 426 (4th Cir. 2004); <u>Cushman v. Trans Union Corporation</u>, 115 F.3d 220, 227 (3d Cir. 1997).

11. Any furnisher which fails to conduct a reasonable investigation under FCRA § 1681s-2(b), is liable to the consumer for any actual damages sustained, and if the failure is willful, then actual damages sustained or statutory damages of not less than $100 and not more than $1,000, and punitive damages, together with attorney's fees and costs of the action. FCRA §§ 1681n and *o*.

## IV. JURISDICTION

12. Jurisdiction of this Court, over this action and the parties herein, arises under 15 U.S.C. §1692k(d) (FDCPA), 15 U.S.C. § 1681p (FCRA), and 28 U.S.C. § 1331. Venue lies in the Phoenix Division of the District of Arizona as Plaintiff's claims arose from acts of the Defendant perpetrated

1 | therein.

### V. Parties

2 | 13. Plaintiff, Nicole E. Harrison, is an individual residing in Maricopa County, Arizona.

14. Plaintiff is allegedly obligated to pay a consumer debt.

15. Plaintiff is a "consumer" as defined by FDCPA § 1692a(3).

16. Defendant Fair Collections & Outsourcing of New England, Inc. ("FCO") is a Maryland corporation.

17. FCO is licensed as a collection agency by the Arizona Department of Financial Institutions, license number 0908250.

18. FCO regularly collects or attempts to collect debts owed or asserted to be owed or due another.

19. FCO regularly collects or attempts to collect debts which it has purchased after default.

20. FCO is a "debt collector" as defined by FDCPA § 1692a(6).

21. FCO is a "person" as defined by FCRA § 1681a(b).

22. FCO is a "furnisher" of information as contemplated by FCRA § 1681s-2(a) & (b), who regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

### VI. Factual Allegations

23. In early 2007, Plaintiff entered into a residential lease agreement with Mirador Apartments.

24. In November 2007, Plaintiff notified Mirador that she was terminating her lease, and set forth the legal reasons and bases for the termination in her

|   |     |   |
|---|-----|---|
| 1 |     | letters to Mirador. |
| 2 | 25. | Subsequent to terminating the lease, Mirador Apartments assigned the alleged debt to FCO for collection purposes. |
| 4 | 26. | On or about February 22, 2008, FCO sent Plaintiff a dunning letter concerning the Mirador Apartment debt. |
| 6 | 27. | The February 22, 2008 letter was the first communication from FCO to Plaintiff concerning the Mirador Apartment debt. |
| 8 | 28. | On or about March 8, 2008, FCO sent Plaintiff a second dunning letter concerning the Mirador Apartment debt. |
| 10 | 29. | The March 8, 2008 letter states that "THIS IS A VERY FAVORABLE TIME TO CLEAR YOUR ACCOUNT.  THE CREDIT BUREAU MAY BE NOTIFIED OF THIS DELINQUENCY OF YOU FAIL TO NEGOTIATE PAYMENT." |
| 14 | 30. | After receiving the February 22, 2008 letter, on March 14, 2008 Plaintiff sent a letter to FCO stating that she disputed owing anything to Mirador, and requesting verification of the debt. |
| 17 | 31. | On March 25, 2008, FCO sent Plaintiff a letter with "verification" of the debt.  Attached to the letter were two documents, one showing $2,335.06 owing and the other showing only $864.95. |
| 20 | 32. | After receipt of the March 25, 2008 communication, Plaintiff again sent FCO a letter disputing that she owed the debt, and attached to her letter copies of the letters she had sent to Mirador, copies of relevant Arizona Law, and documentation that Mirador had not properly registered its rental property according to Phoenix Civil Code. |
| 25 | 33. | On or about May 9, 2008, FCO sent Plaintiff another dunning letter stating |

that "THIS ACCOUNT HAS BEEN REPORTED OR IS SCHEDULED TO BE REPORTED TO ONE OR ALL OF THE FOLLOWING THREE NATIONAL CREDIT REPORTING BUREAUS: . . . WITHIN 120 DAYS."

34. Plaintiff again sent a response to FCO's letter stating that the information sent by FCO from Mirador apartments conflicted with the amount FCO was attempting to collect, and that some of the alleged charges had already been paid by Plaintiff.

35. On June 19, 2008, FCO sent Plaintiff another letter concerning the Mirador Apartment debt.

36. The June 19, 2008 letter stated "THIS ACCOUNT HAS BEEN REPORTED OR IS SCHEDULED TO BE REPORTED TO ONE OR ALL OF THE FOLLOWING THREE NATIONAL CREDIT REPORTING BUREAUS: . . . WITHIN 90 DAYS."

37. On August 12, 2008, FCO sent Plaintiff another dunning letter stating that "OUR EFFORTS TO RESOLVE THIS DEBT HAVE BEEN UNSUCCESSFUL.  THEREFORE, YOUR ACCOUNT HAS BEEN TRANSFERRED TO THE FINAL COLLECTIONS DEPARTMENT. IF YOU WOULD LIKE TO RESOLVE THIS DEBT WITHOUT POSSIBLY INCURRING ADDITIONAL FEES AND COSTS, PLEASE CONTACT US WITHIN 10 DAYS OF THE DATE OF THIS LETTER. IF NO RESPONSE IS RECEIVED YOUR ACCOUNT MAY BE REFERRED TO AN APPROPRIATE COLLECTION ATTORNEY."

38. On or about August 21, 2008, Plaintiff received notice from her credit monitoring service that FCO had reported the Mirador Apartment debt to

her credit bureaus earlier that it had stated it would in its letters dated May 9, 2008 and June 19, 2008.

39. After receipt of the August 12, 2008 letter from FCO, Plaintiff contacted FCO and spoke with Debbie.

40. During the conversation with Debbie, Plaintiff explained why she did not owe the Mirador Apartment debt. Debbie asked Plaintiff to send her documentation of what they had discussed.

41. On August 21, 2008, Plaintiff faxed a letter to FCO and to Debbie's attention with the attachments showing that Plaintiff does not owe the debt FCO is attempting to collect.

42. Plaintiff next received a letter from the law firm of Hammerman & Hultgren, P.C. dated August 25, 2008 stating that it represented FCO and that it was attempting to collect the Mirador Apartment debt on behalf of FCO.

43. After receipt of the letter from Hammerman & Hultgren, Plaintiff had a phone conversation with a collector at the law firm.

44. During this conversation, Plaintiff agreed to pay $750.00 to avoid legal action. The $750.00 was paid on August 29, 2008.

45. In late September 2008, Plaintiff also disputed the FCO tradelines reported to her credit reports.

46. Upon information and belief, each of the three credit bureaus contacted FCO concerning Plaintiff's dispute of the Mirador Apartment debt, and each time FCO verified that the debt was reporting accurately.

47. As a result of Defendant's actions outlined above, Plaintiff has suffered emotional damages and losses in available credit.

48. Defendant's actions taken here were intentional, willful, and in gross or reckless disregard of Plaintiff's rights and part of its persistent and routine practice of debt collection.

49. In the alternative, Defendant's actions were negligent.

### VII.  Causes of Action

#### a.  Fair Debt Collection Practices Act

50. Plaintiff repeats, realleges, and incorporates by reference the foregoing paragraphs.

51. Defendant's violations of the FDCPA include, but are not necessarily limited to, 15 U.S.C. §§ 1692c©, 1692e, 1692e(2)(A), 1692e(5), 1692e(8), 1692e(10), 1692f(1), and 1692g.

52. As a direct result and proximate cause of Defendant's actions in violation of the FDCPA, Plaintiff has suffered actual damages.

#### b.  Fair Credit Reporting Act

53. Plaintiff repeats, re-alleges, and incorporates by reference the foregoing paragraphs.

54. FCO failed to conduct a reasonable investigation of Plaintiff's disputes that it received from the consumer reporting agencies, and otherwise failed to comply with FCRA § 1681s-2(b).

55. FCO has willfully, or alternatively, negligently violated FCRA § 1681s-(b) on multiple occasions.

56. As a result of FCO's actions, Plaintiff has been damaged.

57. Pursuant to FCRA § 1681*o*, any person who is negligent in failing to comply with any requirement imposed under the FCRA with respect to any consumer is liable to that consumer in an amount equal to the sum of (1)

any actual damages sustained by the consumer as a result of the failure and (2) in the case of any successful action to enforce any liability under 15 U.S.C. § 1681*o*, the costs of the action together with reasonable attorneys' fees.

58. As a result of FCO's negligent failure to comply with the FCRA, FCO is liable to Plaintiff in an amount equal to the sum of (1) any actual damages sustained by Plaintiff as a result of said failure and (2) the costs of this action together with reasonable attorneys' fees.

59. Pursuant to 15 U.S.C. § 1681n, any person who willfully fails to comply with any requirement imposed under the FCRA with respect to any consumer is liable to that consumer in an amount equal to the sum of (1) any actual damages sustained by the consumer as a result of the failure or damages or not less than $100.00 and not more than $1,000.00; (2) such amount of punitive damages as the court may allow; and (3) in the case of any successful action to enforce any liability under 15 U.S.C. § 1681n, the costs of the action together with reasonable attorneys' fees.

60. As a result of FCO's willful failure to comply with the FCRA, FCO is liable to Plaintiff in an amount equal to the sum of (1) any actual damages sustained by Plaintiff as a result of the failure or damages of not less than $100.00 and not more than $1,000.00 for each such violation; (2) such amount of punitive damages as the court may allow; and (3) the costs of this action together with reasonable attorneys' fees.

## VIII.  DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all issues so triable.

## IX.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that judgment be entered against Defendant for:

a) Statutory damages of $1,000 pursuant to FDCPA § 1692k;

b) Actual damages for the FDCPA violations in an amount to be determined at trial;

c) Actual damages under the FCRA, or in the alternative, statutory damages of not less than $100 and not more than $1,000 per violation pursuant to FCRA § 1681n;

d) Punitive damages pursuant to FCRA § 1681n;

e) Costs and reasonable attorney's fees pursuant to §1692k and §§ 1681n and/or *o*; and

f) Such other relief as may be just and proper.

DATED   December 8, 2008   .

   s/ Floyd W. Bybee
Floyd W. Bybee, #012651
Law Office of
Floyd W. Bybee, PLLC
4445 E. Holmes Ave., Ste. 107
Mesa, AZ 85206-3398
Office:  (480) 756-8822
Fax: (480) 302-4186
floyd@bybeelaw.com

Attorney for Plaintiff