Floyd W. Bybee, #012651
**BYBEE LAW CENTER, PLC**
2473 S. Higley Road
Suite 104-308
Gilbert, AZ 85295-3023
Office: (480) 756-8822
Fax: (480) 302-4186
floyd@bybeelaw.com

Attorney for Plaintiff

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| **Nicole E. Harrison,** | No. CV 08-2230-PHX-GMS |
| Plaintiff, | |
| v. | **PLAINTIFF'S STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT** |
| **Fair Collections & Outsourcing of New England, Inc.,** | |
| Defendant. | |

Plaintiff relies upon the following material facts as to which there is no issue to be tried. Documents referenced are attached.

1. In 2007, Harrison entered into a residential lease with Mirador Apartments. [Exhibit A (Affidavit of Nicole E. Harrison) at ¶ 2]

2. Subsequent to renting the apartment, she learned that Mirador had failed to comply with the registration requirements for residential rental property within the City of Phoenix, and that the lease was therefore invalid. [Exhibit A at ¶ 3].

| | | |
|---|---|---|
| 1 | 3. | In November 2007, Harrison notified Mirador of her intent to vacate the |
| 2 | | apartment and cancel the lease. [Exhibit A at ¶ 4]. |
| 3 | 4. | Mirador sent Harrison a Statement of Deposit dated December 12, 2007 |
| 4 | | claiming a balance owing of $864.95. [Exhibit A at ¶ 5; Exhibit B |
| 5 | | Statement of Deposit]. |
| 6 | 5. | Shortly thereafter, Mirador assigned the alleged debt to FCO for collection. |
| 7 | | [Exhibit A at ¶ 6; Exhibit C February 22, 2008 letter from FCO]. |
| 8 | 6. | FCO sent Harrison a collection letter dated February 22, 2008 which stated |
| 9 | | that she owed $2,335.06 to Mirador. [Exhibit A at ¶¶ 7, 8; Exhibit C]. |
| 10 | 7. | The February 22, 2008 letter was the initial written communication sent by |
| 11 | | FCO to Plaintiff concerning the Mirador account. [Exhibit A at ¶ 8]. |
| 12 | 8. | Fifteen (15) days later, on March 8, 2008, FCO sent Harrison a second |
| 13 | | collection letter which threatened to report the debt to the credit bureaus if |
| 14 | | Plaintiff "fail[ed] to negotiate payment." [Exhibit A at ¶¶ 9, 10; Exhibit D |
| 15 | | March 8, 2008 letter from FCO]. |
| 16 | 9. | On March 14, 2008, Harrison sent FCO a letter disputing the debt. [Exhibit |
| 17 | | A at ¶ 11; Exhibit E Harrison letter dated March 14, 2008]. |
| 18 | 10. | Harrison stated in the letter that "I do not owe the creditor [Mirador] any |
| 19 | | money," that "I am not liable for the debt claimed by the creditor," and that |
| 20 | | "[n]othing more is due," with the hope that FCO would cease its collection |
| 21 | | of the alleged debt. [*Id.*]. |
| 22 | 11. | On March 25, 2008 and April 9, 2008, Defendant sent letters and |
| 23 | | documentation to Harrison to "verifying the debt." [Exhibit A at ¶ 12]. |
| 24 | 12. | FCO sent a letter dated April 10, 2008 demanding payment and threatening |
| 25 | | that "THE CREDIT BUREAU MAY BE NOTIFIED OF THIS |

|   |   |   |
|---|---|---|
| 1 |  | DELINQUENCY IF YOU FAIL TO NEGOTIATE PAYMENT." [Exhibit |
| 2 |  | A at ¶¶13, 14; Exhibit F FCO letter dated April 10, 2008]. |
| 3 | 13. | Harrison responded to these letters on April 15, 2008, by sending FCO |
| 4 |  | another letter disputing the Mirador debt, and again providing |
| 5 |  | documentation that Mirador had not properly registered its property with |
| 6 |  | Maricopa County.  Harrison also stated in the letter that "I do not owe the |
| 7 |  | creditor [Mirador] any money," that "I am not liable for the debt claimed by |
| 8 |  | the creditor," and that "[n]othing more is due," with the hope that FCO |
| 9 |  | would cease its collection of the alleged debt. [Exhibit A at ¶ 15; Exhibit |
| 10 |  | G]. |
| 11 | 14. | On May 7, 2008, FCO sent Harrison a letter demanding payment.  [Exhibit |
| 12 |  | A at ¶ 16; Exhibit H FCO letter dated May 7, 2008]. |
| 13 | 15. | In this letter, FCO stated in a bold heading "CREDIT BUREAU |
| 14 |  | REPORTING NOTICE."  FCO also stated in the letter that: |

> THIS ACCOUNT HAS BEEN REPORTED OR IS SCHEDULED TO BE REPORTED TO ONE OR ALL OF THE FOLLOWING THREE NATIONAL CREDIT REPORTING BUREAUS: EQUIFAX CREDIT INFORMATION SERVICES, TRANS-UNION CREDIT INFORMATION SERVICES OR EXPERIAN WITHIN 120 DAYS.
>
> IF YOU INTEND TO RESOLVE THIS MATTER, CONTACT FAIR COLLECTIONS & OUTSOURCING OF N.E., INC. AT (877) 324-7960 OR SEND FULL PAYMENT WITH THE LOWER PORTION OF THIS LETTER.  TRADELINES, ONCE REPORTED, ARE NOT DELETED BUT UPDATED ONCE PAID.

[Exhibit H].

16. Plaintiff sent a third letter to FCO on May 30, 2008.  Again, Harrison told FCO that "I do not owe the creditor [Mirador] any money," that "I am not

1 | liable for the debt claimed by the creditor," and that "[n]othing more is
2 | due," with the hope that FCO would cease its collection of the alleged debt.
3 | [Exhibit A at ¶ 17; Exhibit I Harrison letter date May 30, 2008].
4 | 17. On June 19, 2008, FCO sent a letter to Harrison demanding payment.
5 | [Exhibit A at ¶ 18; Exhibit J FCO letter dated June 19, 2008].
6 | 18. In this letter, FCO stated:
7 | > THIS ACCOUNT HAS BEEN REPORTED OR IS SCHEDULED TO BE REPORTED TO ONE OR ALL OF THE FOLLOWING THREE NATIONAL CREDIT REPORTING BUREAUS: EQUIFAX CREDIT INFORMATION SERVICES, TRANS-UNION CREDIT INFORMATION SERVICES OR EXPERIAN WITHIN 90 DAYS.
>
> IF YOU INTEND TO RESOLVE THIS MATTER, <u>CONTACT FAIR COLLECTIONS & OUTSOURCING OF N.E., INC. TO SEE IF YOU QUALIFY FOR A SETTLEMENT ON YOUR ACCOUNT</u> OR SEND FULL PAYMENT WITH TH LOWER PORTION OF THIS LETTER.

15 | [Exhibit J].
16 | 19. On August 12, 2008, FCO sent Harrison another dunning letter regarding the Mirador account. [Exhibit A at ¶ 19; Exhibit K FCO letter dated August 12, 2008].
19 | 20. From the notices contained in the May 7, 2008 and the June 19, 2008 letters, Harrison believed she had until sometime in September to resolve the debt, without having the account reported to her credit bureaus. [Exhibit A at ¶¶ 16, 18].
23 | 21. On August 21, 2008, Plaintiff received notice that Defendant had reported the debt to the credit bureaus. [Exhibit A at ¶ 20].
25 | 22. FCO admitted that it reported the account on August 18, 2008, which was

- 4 -

|   |   |   |
|---|---|---|
| 1 |     | only 102 days after the May 7, 2008 letter, and only 60 days after the June |
| 2 |     | 19, 2008 letter.  [Exhibit L]. |
| 3 | 23. | On August 21, 2008, Harrison faxed FCO the documentation it had |
| 4 |     | requested the day before, with a coversheet wherein Harrison stated that "I |
| 5 |     | have enclosed the letter from your office stating that my credit report will |
| 6 |     | not be affected until September and proof that you placed this on my credit |
| 7 |     | report prematurely." [Exhibit A at ¶ 21; Exhibit M]. |
| 8 | 24. | Shortly thereafter, FCO assigned the Mirador debt to the Phoenix law firm |
| 9 |     | of Hammerman and Hultgren, P.C. ("H&H"). [Exhibit A at ¶ 22; Exhibit |
| 10|     | N]. |
| 11| 25. | On August 25, 2008, H&H sent Harrison a letter on behalf of its client, |
| 12|     | FCO, concerning the Mirador debt.  [*Id.*]. |
| 13| 26. | In its letter, H&H stated: |

> RE:  Your Past Due Indebtedness to Fair Collecting
> [sic] & Outsourcing in the sum of $2,335.06, plus
> accrued interest in the sum of $.00, plus accruing
> interest at the contract/legal rate of 10% per
> annum from and after February 21, 2008

[Exhibit N].

| 18 | 27. | Plaintiff obtained copies of her credit reports which reflected the FCO |
| 19 |     | tradeline. [Exhibit A at ¶ 24]. |
| 20 | 28. | Plaintiff disputed the FCO tradeline with Experian and Equifax. [Exhibit A |
| 21 |     | at ¶ 25]. |
| 22 | 29. | Harrison received notice from Equifax dated October 9, 2008 that FCO had |
| 23 |     | verified the account, including the balance owing which showed $2,335, |
| 24 |     | even though Plaintiff had paid H&H $750 in August 2008.  [Exhibit A at ¶ |
| 25 |     | 26, 27]. |

DATED July 23, 2010 .

          s/ Floyd W. Bybee
Floyd W. Bybee, #012651
BYBEE LAW CENTER, PLC
2473 S. Higley Road
Suite 104-308
Gilbert, AZ 85295-3023
Office: (480) 756-8822
Fax: (480) 302-4186
floyd@bybeelaw.com

Attorney for Plaintiff

**CERTIFICATE OF SERVICE**

The undersigned certifies that on July 23, 2010 , a copy of this document was electronically transmitted to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

    Timothy R. Grimm
    Steven G. Mesaros
    **RENAUD COOK DRURY**
     **MESAROS, PA**
    One North Central, Suite 900
    Phoenix, AZ 85004-4417
     Attorney for Defendant

by   s/ Floyd W. Bybee